**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **SIDONIE WOLF** | * | **CIVIL ACTION NO:** _____ |
| | * | |
| **VERSUS** | * | **SECTION:** _____ |
| | * | |
| **AMERICAN INTERFIDELITY** | * | **HONORABLE:** _____ |
| **EXCHANGE, MARKA TRANSPORT,** | * | |
| **INC., and ROGER GRAVES** | * | **MAGISTRATE:** _____ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**NOTICE OF REMOVAL**

Defendant, American Inter-Fidelity Exchange ("AIFE"), appearing through undersigned counsel, files this Notice of Removal pursuant to 28 U.S.C. §1332 and §1441, and hereby removes this matter from the 9TH Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

**I.   PROCEDURAL HISTORY**

**1.**

Plaintiffs filed this lawsuit in the 9TH Judicial District Court for the Parish of East Baton Rouge, State of Louisiana on July 18, 2022. The case was captioned "*Sidonie Wolf versus American Inter-Fidelity Exchange, Marka Transport, Inc., and Roger Graves.*" Docket No. C-721293, Division C. (Exhibit A).

**2.**

Plaintiff brings this lawsuit against Defendants, American Inter-Fidelity Exchange, Marka Trnasport, Inc., and Roger Graves, for injuries and general and special damages resulting from an automobile accident that occurred on August 31, 2021. (Exhibit A).

1

**3.**

Defendants remove this action from the 9TH Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, *et seq*.

**II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332, THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00, AND COMPLETE DIVERSITY EXISTS**

**1.**

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States."

**2.**

The Fifth Circuit has explained that for the purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by settling forth the facts in controversy — preferably in the removal petition, but sometimes by affidavit that supports a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (quoting *Allen v. R & H Oil & Gas Co*., 63 F.3d 1326, 1335 (5th Cir. 1995)). Plaintiff's petition and the facts set forth in this removal notice establish that the amount in controversy exceeds SEVENTY-FIVE THOUSAND and No/100s ($75,000) DOLLARS, exclusive of interest and costs.

**3.**

The Petition for Damages does not state whether the amount in dispute exceeds $75,000. (Exhibit A). For purposes of this removal, it is apparent from the face of the petition, that the

amount in controversy exceeds seventy-five thousand and no/100 ($75,000.00) dollars exclusive of interest and costs.

**4.**

Plaintiff is claiming to have suffered past, present, and future damages for: physical and mental pain, suffering, and anguish; physical disability and/pr impairment of functions and activities; loss of income and/or loss of earning capacity; loss of enjoyment of life; and property damage. (Exhibit A). Further, plaintiff is claiming future medical expenses, drug/prescription medication, rehabilitation therapy, diagnostic procedures, travel and other related and necessary expenses.

**5.**

Plaintiff also makes a negligence claim and vicarious liability claim against Mr. Graves' employer, Marka Transport, Inc., for failure to properly hire, train, and supervise, in addition to his claims against the defendants for damages. (Exhibit A).

**6.**

Defendant, Marka Transport, Inc.'s, policy of insurance provides liability coverage in the amount of $1,000,000 per accident in coverage limits.

**7.**

It is clear from the Petition for Damages that the amount in controversy exceeds SEVENTY-FIVE THOUSAND DOLLARS.

**8.**

Plaintiff Felix Rocha is a citizen of and domiciled in the State of Louisiana. (Exhibit A).

**9.**

Defendant AIFE is a foreign corporation and citizen of the State of Indiana.

**10.**

Defendant Marka Transport, Inc. is a foreign corporation and citizen of the State of Illinois.

**11.**

Defendant, Roger Graves, is a citizen of and domiciled in the State of Texas.

**12.**

There is complete diversity of citizenship between the plaintiff and the defendants.

**13.**

This is a civil action over which the United States District Court for the Middle District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

### III. DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

**1.**

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332 (a)(2), which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between a citizen of a state and citizens or subjects of a foreign state.

**2.**

The 9^(TH) Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, is located within the Middle District of Louisiana pursuant to 28 U.S.C. § 98(b). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

**3.**

No previous application has been made by Defendant, AIFE, for the relief requested herein. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition and all other pleadings of record served on or by Defendant to date are attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Counsel Farrah F. Gheith by e-mail and filed with the Clerk for the 9th Judicial District Court in the state court record. No other process, pleadings, or orders have been served upon Defendants.

**IV.   CONCLUSION**

**1.**

Under the applicable provisions of 28 U.S.C. §1441 and other applicable statutes, all of which Defendant, AIFE, have complied with, this cause of action is removable to the United States District Court for the Eastern District of Louisiana.

**2.**

Defendant, AIFE, reserves the right to supplement or amend this Notice of Removal.

**3.**

Defendant, AIFE, reserve all defenses, and the filing of this Notice of Removal is subject to, and without waiver, of any and all defenses that are or might become available, including, but not limited to those available to Defendant, AIFE.

**4.**

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

**WHEREFORE,** Defendant, AIFE, prays that the above numbered and entitled cause of action on the docket of the 9TH Judicial District Court, State of Louisiana, be removed from said court to the docket of the United States District Court for the Middle District of Louisiana, and for all other general and equitable relief.

Respectfully submitted,

*/s/ James R. Nieset, Jr.*
**JAMES R. NIESET, JR. (24856)**
**SARA A. LAROSA (37765)**
Porteous, Hainkel & Johnson
704 Carondelet Street
New Orleans, LA  70130-3774
Telephone: (504) 581-3838
Email: jnieset@phjlaw.com
**Counsel for Defendant American Inter-Fidelity Exchange**

**CERTIFICATE OF SERVICE**

**I DO HEREBY CERTIFY** that on August 12, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

**Sidonie Wolf**
Farah Gheith (37132)
Law Office of Spencer H. Calahan, LLC
827 St. Louis Street
Baton Rouge, LA  70802

      I hereby further certify that a copy of the foregoing Notice of Removal has also been placed in the United States mail, with proper and sufficient postage affixed, addressed to:

**Honorable Donald R. Johnson**
19th Judicial District Court
300 North Boulevard
Baton Rouge, Louisiana 70801

      For filing in the state court action entitled "*Sidonie Wolf versus American Inter-Fidelity Exchange, Marka Transport, Inc., and Roger Graves*, Docket No. C-721293, Division C" on the docket of the 9TH Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

                                      */s/ James R. Nieset, Jr.*
                                      JAMES R. NIESET, JR.
                                      SARA A. LAROSA