EAST BATON ROUGE PARISH C-721293
Filed Jul 18, 2022 4:18 PM 24
Deputy Clerk of Court

| | |
|---|---|
| **SIDONIE WOLF** | **DOCKET NO.: _____ SEC.: "___"** |
| **VERSUS** | **19TH JUDICIAL DISTRICT COURT** |
| **AMERICAN INTER-FIDELITY EXCHANGE, MARKA TRANSPORT, INC., and ROGER GRAVES,** | **PARISH OF EAST BATON ROUGE** |
| | **STATE OF LOUISIANA** |

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned Counsel, comes Plaintiff, Sidonie Wolf, a person of full age and residing in Orleans Parish, State of Louisiana, who, with respect avers as follows:

1.

Made defendants herein are:

1. **AMERICAN INTER-FIDELITY EXCHANGE**, and/or an affiliate thereof, a foreign insurance company authorized to do business in the State of Louisiana;

2. **MARKA TRANSPORT, INC.**, and/or an affiliate thereof, a foreign company not authorized to do business in the State of Louisiana;

3. **ROGER GRAVES**, a person of full age residing in Harris County, Texas.

for the following reasons, to-wit:

2.

On or about August 31, 2021, Plaintiff, Sidonie Wolf, was operating her 2005 Honda Civic, traveling westbound on Interstate 12, in East Baton Rouge Parish, Louisiana.

3.

At approximately the same time and place, Defendant, Roger Graves and/or a permissive driver, was operating a 2018 Volvo 780 Tractor Trailer, owned by Defendant, Marka Transport, Inc., traveling westbound on Interstate 12, when he failed to stop for traffic in front of him, and suddenly, without warning crashed into the rear end of a 2014 Nissan Sentra, which then caused a chain reaction of collisions including six vehicles, where Plaintiff's vehicle was the fifth vehicle in the pile up, causing the injuries, damages, and losses complained of herein.

4.

This accident was caused solely by the fault and negligence of Defendant, Roger Graves. Such fault and negligence includes, but is not necessarily limited to, the following:

    a. Failing to maintain a proper lookout;



DEFENDANT'S EXHIBIT A

    b.    Failing to maintain reasonable and proper control of her vehicle upon a public road;

    c.    Following too closely;

    d.    Failing to see and do what reasonably should have been done to avoid the collision;

    e.    Failing to obey a traffic control;

    f.    Failing to stop;

    g.    In driving in a reckless disregard for the safety of others;

    h.    In failing to drive his vehicle with due regard for the safety of all persons;

    i.    Failing to take reasonable evasive action, including application of brakes, prior to the collision; and

    j.    Failing to exercise the required degree of care commensurate with the existing situation.

5.

As a result of this accident and due to the fault and negligence of Defendant, Roger Graves, Plaintiff, Sidonie Wolf, has sustained personal injuries and property damage.

6.

Plaintiffs allege on information and belief at all times, Defendant, Roger Graves, was an employee of Defendant, Marka Transport, Inc., and/or an affiliate thereof, and was within the course and scope of his employment and/or on a mission for Marka Transport, Inc., and/or was a permissive driver of the vehicle. Therefore, Marka Transport, Inc., is vicariously liable for the negligent acts of Roger Graves under the doctrine of *Respondeat Superior*.

7.

Petitioner alleges that a substantial cause of the above-described accident was the fault and/or negligence of Defendant, Marka Transport, Inc.., which is described in part but not exclusively as follows:

    a.    In failing to provide proper driver training;

    b.    In failing to employ a safe and competent driver;

    c.    In failing to properly supervise and instruct its drivers; and

    d.    Any and all acts of negligence, omissions, and/or legal fault which constitute a violation to be shown at the time of this trial to be a proximate cause of petitioner's injuries, damages, or losses.

8.

As a result of the fault and negligence of Defendant, Roger Graves, Plaintiff is entitled to recover the following past, present, and future damages for the injuries sustained in the aforementioned accident:

    a.    Physical and mental pain, suffering and anguish;

    b.    Physical disability and/or impairment of functions and activities;

    c.    Loss of income and/or loss of earning capacity;

    d.    Loss of enjoyment of life;

    e.    Property damage.

9.

As a result of these injuries, Plaintiff has incurred and will in the future incur expenses which they are entitled to recover from defendants, including medical expenses, drug/prescription medication, rehabilitation therapy, diagnostic procedures, travel and other related and necessary expenses.

10.

Plaintiffs allege on information and belief that at the time of this crash, there was in full force and effect a policy of liability insurance issued by American Inter-Fidelity Exchange, and/or an affiliate thereof, insuring Roger Graves and/or the 2018 Volvo 780 Tractor Trailer, owned by Marka Transport, Inc. and operated by Roger Graves.

WHEREFORE, Plaintiff, Sidonie Wolf, prays that defendants be served with this petition, and after being duly cited to appear and answer same, and the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Plaintiff, Sidonie Wolf, and against Defendants, American Inter-Fidelity Exchange, Marka Transport, Inc., and Roger Graves, jointly and in solido, for all general and equitable relief, in such amounts as are reasonable under the premises and fixed and awarded at trial, together with legal interest thereon from the date of judicial demand until paid, and for all costs of court, including expert witness fees.

Respectfully submitted,
Law Offices of Spencer H. Calahan

_____
**FARAH F. GHEITH (#37132)**
827 Saint Louis Street

Baton Rouge, LA 70802
Telephone: (225) 387-2323
Fax: (225) 387-2324
farah@calahanlaw.com

**PLEASE SERVE**
**American Inter-Fidelity Exchange**
*Through the Secretary of State for service of process*
LA Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

domicile: 9223 Broadway, Suite A
Merrillville, IN 46410-7017

**Marka Transport, Inc.**
*Through the Secretary of State for service of process*
LA Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

domicile: 52 Eisenhower Lane
Lombard, IL 60148

**Roger Graves**
*Via the Louisiana long-arm statue La.R.S.13:3201 et seq.*
802 Steele Road
Highland, TX 77562

EAST BATON ROUGE PARISH   C-721293
Filed Jul 18, 2022 4:18 PM        24
Deputy Clerk of Court

| | |
|---|---|
| **SIDONIE WOLF** | **DOCKET NO.:** _____ **SEC.:** "___" |
| **VERSUS** | **19TH JUDICIAL DISTRICT COURT** |
| **AMERICAN INTER-FIDELITY EXCHANGE, MARKA TRANSPORT, INC., and ROGER GRAVES,** | **PARISH OF EAST BATON ROUGE** <br> **STATE OF LOUISIANA** |

## REQUEST FOR NOTICE

In accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code of Civil Procedure, you are hereby requested to send me, as counsel of record, written notice by mail, at least ten (10) days in advance of any date fixed for any trial or hearing on this case, whether on exceptions, rules, or on the merits thereof, or any assignment of fixing said case.

Also, in accordance with the provisions of Articles 1913 and 1914 of the Louisiana Code of Civil Procedure, you are hereby requested to send me immediate notice of any order or judgment made or rendered in this case, upon the entry of such order or judgment.

This request for Notice is made with full reservation of all rights, and I ask that you file this Request in the record with my pleadings as formal notice of same.

Respectfully submitted,

Law Offices of Spencer H. Calahan

_____
**FARAH F. GHEITH (#37132)**
**SPENCER H. CALAHAN (#27192)**
827 Saint Louis Street
Baton Rouge, LA 70802
Telephone: (225) 387-2323
Fax: (225) 387-2324

**PLEASE SERVE WITH PETITION**

EAST BATON ROUGE PARISH  C-721293
Filed Jul 18, 2022 4:18 PM       24
Deputy Clerk of Court

| | |
|---|---|
| **SIDONIE WOLF** | **DOCKET NO.:** _____ **SEC.: "___"** |
| **VERSUS** | **19TH JUDICIAL DISTRICT COURT** |
| **AMERICAN INTER-FIDELITY EXCHANGE, MARKA TRANSPORT, INC., and ROGER GRAVES** | **PARISH OF EAST BATON ROUGE** <br> **STATE OF LOUISIANA** |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Sidonie Wolf, who propounds the following Interrogatories and Requests for Production upon Defendants, American Inter-Fidelity Exchange, Marka Transport, Inc., and Roger Graves, to be answered in writing, under oath, and within the applicable delays provided by the Louisiana Code of Civil Procedure.

### INTERROGATORY NO. 1

Please identify the person(s) responding to each and every one of the following Interrogatories, along with his/her address, relationship to defendant, if any, telephone number, place of employment, work address and phone number.

### INTERROGATORY NO. 2

Please identify any/all documents which the person(s) responding to each and every one of the following Interrogatories has referred to or relied upon in responding to these Interrogatories, along with the author, recipient, length in pages, date, present custodian, and a brief synopsis of the contents of each and every such document.

### REQUEST FOR PRODUCTION NO. 1

Please produce copies of each and every document described in the foregoing Interrogatory, or which relates in any way to any issue in this case, or which you might rely upon or offer into evidence at the trial of this matter.

### INTERROGATORY NO. 3

Please identify any/all experts whom you have consulted or might call to testify at the trial of this matter, and state whether you have requested or obtained any reports from such experts, and the date and custodian of each and every such report.

**REQUEST FOR PRODUCTION NO. 2**

Please provide a copy of any correspondence to or from any experts consulted or retained in this matter, and provide a copy of any/all reports or other written documentation prepared by or received from such experts.

**INTERROGATORY NO. 4**

Please state whether, at the time of the accident at issue in this proceeding, there existed a policy of insurance issued by/to defendant and/or which might provide coverage for the damages claimed by plaintiff, and, if so, please state the following:

a. Policy number, effective date(s) and expiration date(s), types and limits of coverage, persons insured under such policies and any/all other pertinent information regarding any such policy(ies) of insurance;

b. Whether you contend that any limitations or exclusions of such policy(ies) in any way limit the coverage afforded to defendant for the damages alleged in this proceeding;

c. Whether there exist any riders, endorsements, excluded drivers, or other modifications or amendments in your responses hereto;

d. Any/all persons insured under such policies, and state specifically whether defendant is a named insured under such policy(ies);

e. Any/all excess/umbrella policies, effective date(s) and expiration date(s), type, limit of coverage, persons insured and any/all other pertinent information regarding any such policy of insurance.

**REQUEST FOR PRODUCTION NO. 3**

Please provide copies of any/all policies described or referred to in connection with your response to the foregoing Interrogatory, and all application(s), declarations pages, amendments, endorsements, or modifications or addenda thereto.

**INTERROGATORY NO. 5**

If any statements, recordings, or video tape have been taken from/of any witnesses or persons concerning the facts of this accident or the nature, character and extent of the damages referenced in the Petition, please state the date and place each statement, recording, or video was taken, the name and address of the party having custody of each statement, recording, or video and subject, person(s) taking and any/all person(s) present when each statement, recording, or video was taken.

**REQUEST FOR PRODUCTION NO. 4**

Please provide copies of any/all statements, recording(s), or videotape(s) described or referred to in connection with your response to the foregoing Interrogatory.

**INTERROGATORY NO. 6**

Please state the name, address, and telephone number of the titled owner of the vehicle involved in this accident.

**REQUEST FOR PRODUCTION NO. 5**

Please produce copies of any and all estimates, appraisals, diagrams, invoices, photographs, or other documents or things of any nature or description evidencing, documenting, or showing the damages to the vehicles in this accident, or in any way responsive to the foregoing Interrogatory.

**INTERROGATORY NO. 7**

Please state whether or not you consumed any alcohol and or drugs in the 24 hours preceding the accident that is the subject matter of this suit. If your answer is in the affirmative, please specify, in detail, the kind and the amount of alcohol and/or drugs you consumed during the 24-hour period preceding the accident.

**INTERROGATORY NO. 8**

Please state whether or not you have ever been charged and/or convicted of any crimes in the last 15 years. If your answer is in the affirmative, please list the crimes in which you were charged or convicted, specify the date, jurisdiction, and disposition of each and every instance.

**INTERROGATORY NO. 9**

If you were the driver of the vehicle involved in the accident, but did not own the vehicle you were driving, please state whether or not you own a vehicle. If so, please state the name of the automobile insurance company and the policy number.

**INTERROGATORY NO. 10**

In your own words, please describe how the accident happened.

**INTERROGATORY NO. 11**

Please state whether or not you have a social media profile, for example, Facebook, MySpace, Twitter, Instagram, Youtube, Wikis, Linkedin, TikTok, Mylife, Foursquare, etc., and if so, whether it contains a privacy setting.

**INTERROGATORY NO. 12**

If you have a social media profile, please provide the name the account is registered under, the email address you used to register the account, the password, the exact or approximate

date on which you registered the account and the exact or approximate last date on which you accessed the account.

### INTERROGATORY NO. 13

Please state the cellular phone number or number(s) for any phone(s) owned or used by you on August 31, 2021.

### INTERROGATORY NO. 14

Please state whether you have ever caused or been involved in a vehicular crash as a driver, and if so, when and where any such crash occurred.

### INTERROGATORY NO. 15

Please state the name of your employer, your job title, and the associated job duties.

### INTERROGATORY NO. 16

If you allege that the accident made the basis of this lawsuit was caused or created in whole or in part through any act(s) of negligence of the plaintiff, please provide a description of the acts of negligence which you contend plaintiff committed, and the facts and details upon which you rely in making these allegations.

### INTERROGATORY NO. 17

Please state whether there were any traffic controls (signs, signals, lights or other devices), located at or near the scene of the collision, please describe such control(s) and indicate how they governed your driving, as well as the driving of the plaintiff.

### INTERROGATORY NO. 18

Please state whether you had any conversation with the plaintiff or anyone after the accident and, if so, please give the substance of any such conversation. If you in any way admitted fault to anyone after the accident, please state to whom as well as the manner in which you did so.

### REQUEST FOR PRODUCTION NO. 6

Please produce a copy of ALL medical records, of Plaintiff, obtained by Defendant, from any source.

### REQUEST FOR PRODUCTION NO. 7

Please produce a copy of ALL depositions, of Plaintiff, obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION NO. 8**

Please produce a copy of ALL criminal records, of Plaintiff, obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION NO. 9**

Please produce a copy of ALL employment records, of Plaintiff, obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION NO. 10**

Please produce a copy of ALL social security records, of Plaintiff, obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION NO. 11**

Please produce a copy of ALL unemployment benefit records, of Plaintiff, obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION NO. 12**

Please produce a copy of ALL military records, of Plaintiff, obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION NO. 13**

Please produce a copy of ALL recorded statements, of Plaintiff, obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION NO. 14**

Please produce a copy of ALL trial transcripts, of Plaintiff, obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION NO. 15**

Please produce a copy of ALL lawsuit records, of Plaintiff, obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION NO. 16**

Please produce a copy of ALL insurance company records, of Plaintiff, obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION NO. 17**

Please produce a copy of ALL photographs, of Plaintiff, obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION NO. 18**

Please produce a copy of any documents supplied by the Plaintiff to your insurance adjuster prior to representation by undersigned counsel.

**REQUEST FOR PRODUCTION NO. 19**

Please produce all automobile insurance policies in which you are named as an insured.

**REQUEST FOR PRODUCTION NO. 20**

Please identify and produce any and all liability and/or indemnity policies of insurance, including but not limited to excess or umbrella policies, issued by/to defendant and/or which might provide coverage for damages claimed by plaintiff.

**REQUEST FOR PRODUCTION NO. 21**

Please produce any "pre-trip" report/ log/checklist that Roger Graves filled out as it relates to the tractor he was driving at the time of the August 31, 2021 accident with Ms. Wolf.

**REQUEST FOR PRODUCTION NO. 22**

Please produce the DOT report that was filled out by Mr. Graves as it relates to the subject accident that occurred on August 31, 2021, with plaintiff, Sidone Wolf.

**REQUEST FOR PRODUCTION NO. 23**

Please provide all incident forms that were filled out by Mr. Graves after the subject accident

**REQUEST FOR PRODUCTION NO. 24**

Please provide vehicle maintenance and inspection reports of the 2018 Volvo 780 Mr. Graves was driving from 6 months prior to and on the date of the subject accident.

**REQUEST FOR PRODUCTION NO. 25**

Please provide log in reports into the electronic system on the tractor as it relates to Mr. Graves' logins on the subject tractor (2018 Volvo 780) wherein he was logged in for Marka Transport for 6 months prior to and on the date of the subject accident.

**REQUEST FOR PRODUCTION NO. 26**

Please provide any statement transcripts, recordings, or written statements taken from any of the passengers of the tractor at the time of the accident.

## SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 27

Please produce a copy of the recorded statement and or transcript that was taken by Gray Insurance Company, Marka Transport, and/or any third-party claims administrator of Mr. Graves.

## SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 28

Please produce Mr. Roger Graves' entire employee file with Marka Transport, Inc, including but not limited to:

> a. Employment applications, pre-employment physicals, pre-employment health questionnaires, health insurance applications, and resumes;
> b. Any and all documents concerning any workers compensation claims filed by or pertaining to Roger Graves;
> c. Any and all medical records and/or medical bills pertaining to Roger Graves for any and all injuries and/or medical treatment during the course of his employment;
> d. Any and all work releases, work excuses, requests for leave of absence, sick leave requests, etc.;
> e. Any and all time sheets, payroll records and, wage and/or salary information;
> f. Any and all short term or long-term disability requests and/or documents relating in any way to short term or long-term disability benefits paid to Roger Graves;
> g. Any and all documents pertaining to or concerning any and all health insurance claims submitted by Roger Graves during the course of his employment;
> h. Any and all correspondence, emails, and/or other documentation concerning the accident in which he was involved in on August 31, 2021 with Ms. Sidone Wolf and/or any other accidents of any kind in which Roger Graves was involved;
> i. Any and all records, documents, notes, paper, etc. concerning the employment of Roger Graves, including but not limited to the date of cessation of employment and reason for cessation;
> j. Any and all records, documents, notes, papers, etc., in any way concerning and/or relating to Roger Graves.

## SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 29

Please produce any body camera or dash cam footage from Roger Graves' tractor (the 2018 Volvo 780) of the August 31, 2021 accident involving Mr. Graves and Ms. Wolf.

Respectfully submitted,

**Law Offices of Spencer H. Calahan**

*(signature)*

**FARAH F. GHEITH (#37132)**
**SPENCER H. CALAHAN (#27192)**
827 Saint Louis Street
Baton Rouge, LA 70802
Telephone: (225) 387-2323
Fax: (225) 387-2324

**PLEASE SERVE WITH PETITION**

EAST BATON ROUGE PARISH  C-721293
Filed Jul 18, 2022 4:18 PM    24
Deputy Clerk of Court

| | |
|---|---|
| SIDONIE WOLF | DOCKET NO.: _____ SEC.: "___" |
| VERSUS | 19TH JUDICIAL DISTRICT COURT |
| AMERICAN INTER-FIDELITY EXCHANGE, MARKA TRANSPORT, INC., and ROGER GRAVES | PARISH OF EAST BATON ROUGE STATE OF LOUISIANA |

## REQUEST FOR ADMISSIONS

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Sidonie Wolf, who propounds the following Request for Admissions to Defendants, American Inter-Fidelity Exchange, Marka Transport, Inc., and Roger Graves as follows:

### REQUEST FOR ADMISSION NO. 1

Do you admit or deny that you, Roger Graves, were the driver of a 2018 Volvo 780 Tractor Trailer, and were involved in an accident on August 31, 2021, with Plaintiff, Sidonie Wolf?

### REQUEST FOR ADMISSION NO. 2

If you have not unqualifiedly admitted Request for Admission No. 1 above, then specify so much of the matter as is true, specifically, the basis for your qualification or denial, identify any witness you may have and briefly state the facts to which that witness will attest concerning the qualifications or denials, and, identify each document or other piece of evidence which you believe supports or tends to support each qualification or denial.

### REQUEST FOR ADMISSION NO. 3

Do you admit or deny that you, Roger Graves, were using a cellular and/or electronic device immediately before and/or at the time of the accident?

### REQUEST FOR ADMISSION NO. 4

If you have not unqualifiedly admitted Request for Admission No. 3 above, then specify so much of the matter as is true, specifically, the basis for your qualification or denial, identify any witness you may have and briefly state the facts to which that witness will attest concerning the qualifications or denials, and, identify each document or other piece of evidence which you believe supports or tends to support each qualification or denial.

### REQUEST FOR ADMISSION NO. 5

Please admit or deny that the insurance policy at issue in this litigation provides coverage in this particular case. If your response is denied, please provide the basis for the denial and

please state all facts and produce all evidence in your possession upon which you rely for the denial.

### REQUEST FOR ADMISSION NO. 6

Please admit or deny that there are no other insurance policies which provide or may provide any insurance coverage in this matter to compensate plaintiff for losses and damages sustained by plaintiff as alleged in the Petition. If your response is a denial, please provide the basis for the denial and please state all facts and produce all evidence in your possession upon which you rely for the denial.

### REQUEST FOR ADMISSION NO. 7

Please admit or deny that you were on a mission for a third party at the moment of collision. If your response is a denial, please provide the basis for the denial and please state all facts and produce all evidence in your possession upon which you rely for the denial.

### REQUEST FOR ADMISSION NO. 8

Please admit or deny that you were in the course and scope of your employment with a third party at the moment of collision. If your response is a denial, please provide the basis for the denial and please state all facts and produce all evidence in your possession upon which you rely for the denial.

### REQUEST FOR ADMISSION NO. 9

Do you admit or deny that Roger Graves was performing work for an employer or otherwise on a mission for someone else at the time of the crash?

### REQUEST FOR ADMISSION NO. 10

If you have not unqualifiedly admitted Request for Admissions No. 9 above, then specify so much of the matter as is true, specifically, the basis for your qualification or denial, identify any witness you may have and briefly state the facts to which that witness will attest concerning the qualifications or denials, and, identify each document or other piece of evidence which you believe supports or tends to support each qualification or denial.

### REQUEST FOR ADMISSION NO. 11

Do you admit or deny that there is other insurance covering Roger Graves, Marka Transport, Inc., and/or the 2018 Volvo 780 Tractor Trailer operated by Roger Graves on August 31, 2021, either excess or umbrella coverage, or other automobile liability coverage?

**REQUEST FOR ADMISSION NO. 12**

If you have not unqualifiedly admitted Request for Admissions No. 11 above, then specify so much of the matter as is true, specifically, the basis for your qualification or denial, identify any witness you may have and briefly state the facts to which that witness will attest concerning the qualifications or denials, and, identify each document or other piece of evidence which you believe supports or tends to support each qualification or denial.

**REQUEST FOR ADMISSION NO. 13**

Do you admit or deny that Roger Graves had permission of the vehicle owner to operate the 2018 Volvo 780 Tractor Trailer at the time of the crash?

**REQUEST FOR ADMISSION NO. 14**

If you have not unqualifiedly admitted Request for Admissions No. 13 above, then specify so much of the matter as is true, specifically, the basis for your qualification or denial, identify any witness you may have and briefly state the facts to which that witness will attest concerning the qualifications or denials, and, identify each document or other piece of evidence which you believe supports or tends to support each qualification or denial.

Respectfully submitted,

**Law Offices of Spencer H. Calahan**

_____
**FARAH F. GHEITH (#37132)**
827 Saint Louis Street
Baton Rouge, LA 70802
Telephone: (225) 387-2323
Fax: (225) 387-2324

**PLEASE SERVE WITH PETITION**