## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**SIDONIE WOLF**                                         **CIVIL ACTION NO.**

**VERSUS**

                                                         **22-554-SDD-EWD**

**AMERICAN INTER-FIDELITY,**
**EXCHANGE, ET AL.**

      Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

      ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

      Signed in Baton Rouge, Louisiana, on December 15, 2022.

                                                  **ERIN WILDER-DOOMES**
                                                  **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**SIDONIE WOLF**  **CIVIL ACTION NO.**

**VERSUS**

**22-554-SDD-EWD**

**AMERICAN INTER-FIDELITY,**
**EXCHANGE, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand,[1] filed by Plaintiff Sidonie Wolf ("Plaintiff"), and a Motion to Withdraw Opposition to Plaintiff's Motion to Remand,[2] filed by Defendants American Inter-Fidelity Exchange ("AIFE"), Roger Graves ("Graves"), and Marka Transport, Inc. ("Marka"). Because Defendants no longer oppose remand and because it has been established that Plaintiff's damages will not meet the requisite jurisdictional amount for subject matter jurisdiction under 28 U.S.C. § 1332, it is recommended that the case be remanded to the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

AIFE filed a Notice of Removal on August 12, 2022, asserting this Court's subject matter jurisdiction under 28 U.S.C. § 1332.[3] Proper information regarding the citizenship of the parties and the amount in controversy is required to establish jurisdiction under § 1332. As to the citizenship of the parties, the Notice alleges that "Plaintiff Felix Rocha is a citizen of and domiciled in the state of Louisiana"; AIFE is "a foreign corporation and citizen of the State of Indiana"; Marka is a "foreign corporation and citizen of the State of Illinois"; and Graves is "a citizen of and domiciled in the State of Texas."[4] With regard to amount in controversy, the Notice[5] states:

---

[1] R. Doc. 13.
[2] R. Doc. 23.
[3] R. Doc. 1.
[4] R. Doc. 1, ¶¶ 8-11. These are insufficient allegations of citizenship as to all parties except Graves. Plaintiff is incorrectly named, and, for the corporate defendants, the Notice does not state the principal place of business and place of incorporation. *Harvey v. Grey Wolf Drilling Company*, 542 F.3d 1077, 1079-80 (5th Cir. 2008).
[5] R. Doc. 1, ¶¶ 4-6.

4.

Plaintiff is claiming to have suffered past, present, and future damages for: physical and mental pain, suffering, and anguish; physical disability and/pr impairment of functions and activities; loss of income and/or loss of earning capacity; loss of enjoyment of life; and property damage. (Exhibit A). Further, plaintiff is claiming future medical expenses, drug/prescription medication, rehabilitation therapy, diagnostic procedures, travel and other related and necessary expenses.

5.

Plaintiff also makes a negligence claim and vicarious liability claim against Mr. Graves' employer, Marka Transport, Inc., for failure to properly hire, train, and supervise, in addition to his claims against the defendants for damages. (Exhibit A).

6.

Defendant, Marka Transport, Inc.'s, policy of insurance provides liability coverage in the amount of $1,000,000 per accident in coverage limits.

On September 30, 2022, Plaintiff filed a Motion to Remand.[6] The Motion asserts that the Court does not have subject matter jurisdiction pursuant to 28 U.S.C. §1332 as alleged in the Notice of Removal because Defendants have failed to adequately establish that Plaintiff's claims are likely to exceed $75,000, exclusive of interest and costs.[7] Plaintiff asserts that she has undergone only conservative treatment and has not received any specific medical procedures, and

---

[6] R. Doc. 13.
[7] R. Doc. 13. Upon review of the Notice of Removal, the Court independently questioned whether Defendants had met their burden of establishing subject matter jurisdiction under 28 U.S.C. § 1332. As noted above, the citizenship allegations in the Notice are insufficient. As to the amount in controversy, Plaintiff's Petition does not allege any particular injuries and claims only boilerplate damages. R. Doc. 1-1, pp. 1-4. The Notice merely relies on the Petition's boilerplate allegations, the lack of a statement regarding federal jurisdiction under La. Code Civ. Proc. art. 893, and Marka's one million dollar insurance policy, but there was no demand associated with the policy limits attached to the removal papers. R. Doc. 1.

therefore her damages are unlikely to reach the jurisdictional threshold.[8]  In response, Defendants submitted Plaintiff's pre-Petition settlement demand of $146,000.[9]

At the telephone conference held by the Court on October 13, 2022 to discuss the Motion to Remand, Plaintiff's counsel advised that Plaintiff has continued to receive only conservative chiropractic care, has not received any injections, and her settlement demand was made without much information regarding the need for future medical treatment. According to counsel, Plaintiff continues to believe that her damages will not exceed the jurisdictional threshold, such that she expressed a willingness to execute a binding stipulation.[10] The parties agreed to confer regarding a stipulation to clarify the amount in controversy.  Defendant was ordered to file any signed stipulation into the record.  If the signed stipulation resolved the argument raised in the Motion to Remand regarding the amount in controversy, Defendants were also ordered to file a notice with the Court, advising that, considering the stipulation, Defendants no longer oppose remand.

On October 21, 2022, the stipulation was filed into the record. Plaintiff stipulated that her damages do not exceed $75,000, exclusive of interests and costs, and she irrevocably waived her right to recover for any sum above that amount.[11]  On November 1, 2022, Defendants filed the pending Motion to Withdraw their opposition to the Motion to Remand. In their motion, Defendants "acknowledge that this Court has no jurisdiction over this matter following plaintiff's stipulation that the amount in controversy does not exceed $75,000."[12]

The burden to establish subject matter jurisdiction rests with the party seeking to invoke it. Here, the burden is on removing defendant AIFE. Even if AIFE could meet its burden, Plaintiff's

---

[8] R. Doc. 13-1, p. 6.
[9] R. Doc. 18-1, which also reflects past medical expenses of $10,340.48 as of the date of the demand.  Defendants also submitted some of Plaintiff's medical records, which reflect $16,347 in estimated future medical expenses for facet injections, although Plaintiff has asserted that she has not received any injections.
[10] R. Doc. 20.
[11] R. Doc. 22.  Plaintiff signed the stipulation.
[12] R. Doc. 23.

3

binding, irrevocable stipulation is sufficient to establish to a legal certainty that she cannot recover enough to meet the requisite amount in controversy.[13]  Accordingly, remand is proper.

**IT IS ORDERED** that the Motion to Withdraw,[14] filed by Defendants Roger Graves, Marka Transport, Inc., and American Inter-Fidelity Exchange, is **GRANTED**.  Defendants' Opposition to the Motion to Remand is **WITHDRAWN**.[15]

**IT IS RECOMMENDED** that Motion to Remand,[16] filed by Plaintiff Sidonie Wolf, which Defendants no longer oppose, be **GRANTED**, as Plaintiff has executed a binding, irrevocable stipulation that she cannot recover enough to meet the requisite amount in controversy, and that this matter be **REMANDED** to the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, December 15, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002), citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (quoting *St. Paul Mercury Indem.*, 303 U.S. [283] at 289 (1938)) ("If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000.").
[14] R. Doc. 23.
[15] R. Doc. 17.
[16] R. Doc. 13.